IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JESSE AARON ANDRYS,                    No. C-12-0619 TEH (PR)

        Plaintiff,              ORDER OF SERVICE

    v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATIONS
DENTAL DEPARTMENT, et al.,

        Defendants.
                                   /

Plaintiff has filed a pro se civil rights action under 42 U.S.C. § 1983, alleging that the California Department of Corrections and Rehabilitation ("CDCR") Dental Department, and dental staff at both the R. J. Donovan Correctional Facility in San Diego, California ("RJD") and at the Correctional Training Facility in Soledad, California ("CTF-Soledad") were deliberately indifferent to his serious medical needs when he was housed at RJD and CTF-Soledad. This action is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

//

I

Plaintiff alleges the following in his complaint: when Plaintiff was received into CDCR custody on October 26, 2010, he requested emergency dental care to address acute dental pain and discomfort.  Doc. #1 at 3.  Despite repeated requests for dental care, Plaintiff was not examined by the RJD dental department until November 18, 2010.  Id.  On November 18, 2010, x-rays were taken of Plaintiff's teeth and he was informed by dentist C. Frandsal that per CDCR policy, Plaintiff had a "Reception Center Status" and could not receive the necessary dental treatment until he was transferred to a mainline facility.  Id.  Plaintiff alleges that RJD had a fully functional dental clinic on-site that could have provided him with the necessary dental treatment.  Id. at 4.  Plaintiff further alleges that the RJD dental department established that he had three cavities, yet they refused to provide him with temporary fillings or any pain relievers.  Id.  On December 29, 2010, Plaintiff was transferred to CTF-Soledad.  Id.  Plaintiff alleges that he did not receive "actual" dental treatment until February 2011, when he received only one temporary filling.  Id.

Plaintiff also complains that the treatment provided by CTF-Soledad dentist C. Nguyen sometime after February 2011 was both ineffective and resulted in a cracked tooth.  Doc. #1 at 4.  Plaintiff further complains that on various occasions, CTF-Soledad dentist D. Kamminga refused to provide him with dental care, citing concerns about his blood pressure and in response to a question he asked about the number of cavities he had.  Id. at 4-5.  Plaintiff

2

1 alleges that Dr. Kaaminga should have referred him to an oral
2 specialist at CTF-Soledad's Central Facility. Id. at 5. It appears
3 that as of the date this action was filed, February 7, 2012,
4 Plaintiff had only received treatment for one tooth, despite having
5 repeatedly informed dental staff since late December 2010 that he
6 needed treatment for three teeth in total.
7      Finally, Plaintiff alleges that CDCR's Dental Policy is
8 cruel and inhumane because it does not provide for affordable
9 preventive care upon intake at a prison reception center. Doc. #1
10 at 5.

## II

12      Federal courts must engage in a preliminary screening of
13 cases in which prisoners seek redress from a governmental entity or
14 officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).
15 In its review the Court must identify any cognizable claims, and
16 dismiss any claims that are frivolous, malicious, fail to state a
17 claim upon which relief may be granted, or seek monetary relief from
18 a defendant who is immune from such relief. Id. at 1915A(b)(1),
19 (2).

### A

21      To state a claim under 42 U.S.C. § 1983, a plaintiff must
22 allege two essential elements: (1) that a right secured by the
23 Constitution or laws of the United States was violated, and (2) that
24 the alleged violation was committed by a person acting under the
25 color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).
26 Pleadings filed by pro se litigants, however, must be liberally

3

construed. <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1990).

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing <u>Estelle</u>, 429 U.S. at 104), <u>overruled in part on other grounds by</u> <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

B

Liberally construed, Plaintiff's allegations of deliberate indifference to his serious dental needs appear to state a cognizable 42 U.S.C. § 1983 claim against the named individual defendants C. Fransdal, C. Nguyen, and D. Kamminga.

Plaintiff, however, makes no allegations that named defendants W. J. Hill and G. Ellis proximately caused the deprivation of his federally protected right. The record indicates that neither W.J. Hill or G. Ellis directly treated Plaintiff and that their only involvement in Plaintiff's medical treatment was reviewing and denying the second level appeal of his health care

4

grievance requesting that his cavities be fixed. Doc. #1 at 13. Generally, actions in reviewing and denying inmate appeals cannot serve as a sole basis for liability under § 1983, <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988). However, a plaintiff may establish liability on the part of defendants involved in the administrative grievance process by alleging that his appeal put the defendants on notice that he had a serious medical need that was not being met, and their denial, therefore, constituted deliberate indifference to his medical need. <u>See</u> <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990) (holding that prison officials manifest a deliberate indifference to a prisoner's medical needs if they intentionally deny, delay or interfere with medical treatment). In this case, at the time that defendants Hill and Ellis reviewed Plaintiff's dental records, the records reflected an examination by RJD Dental on November 18, 2010; treatment by a CTF-Soledad dentist on February 24, 2011; a temporary filling completed on tooth #30 on February 24, 2011; a dental triage appointment scheduled for March 15, 2011; and an assignment of Dental Priority Code 2 (the second highest priority). Doc. #1 at 13. Plaintiff's dental records did not put defendants Hill or Ellis on notice that Plaintiff's serious medical needs were not being met. Accordingly, the Eighth Amendment claims against these defendants shall be DISMISSED. <u>See</u> <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff's Eighth Amendment claim against the CDCR Dental Department shall also be dismissed. "State agencies ... are not

5

'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." <u>Maldonado v. Harris</u>, 370 F.3d 945, 951 (9th Cir. 2004). CDCR Dental Department is an internal department of the CDCR, which is a state agency and therefore entitled to Eleventh Amendment immunity. <u>See</u> <u>Brown v. California Dep't. of Corr.</u>, 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity.").

Plaintiff's request for appointment of counsel under 28 U.S.C. § 1915 is DENIED for lack of exceptional circumstances. <u>See</u> <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986). The Court will consider appointment of counsel on its own motion, and seek volunteer counsel to agree to represent Plaintiff pro bono, if it determines at a later time in the proceedings that appointment of counsel is warranted.

### III

For the foregoing reasons and for good cause shown:

1. The complaint, liberally construed, states a claim for relief under the Eighth Amendment and Section 1983 against defendants C. Fransdal, C. Nguyen, and D. Kamminga. The remaining named defendants are dismissed from this action. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter and all attachments thereto and copies of this order on C. Fransdal, a

1 prison official at RJD, and on C. Nguyen, and D. Kamminga, prison
2 officials at CTF-Soledad.  The Clerk also shall serve a copy of this
3 order on Plaintiff.
4     2.   To expedite the resolution of this case, the Court
5 orders as follows:
6     a.   No later than ninety (90) days from the date of
7 this order, Defendants shall file a motion for summary judgment or
8 other dispositive motion.  A motion for summary judgment shall be
9 supported by adequate factual documentation and shall conform in all
10 respects to Federal Rule of Civil Procedure 56, and shall include as
11 exhibits all records and incident reports stemming from the events
12 at issue.  If Defendants are of the opinion that this case cannot be
13 resolved by summary judgment or other dispositive motion, they shall
14 so inform the Court prior to the date his motion is due.  All papers
15 filed with the Court shall be served promptly on Plaintiff.
16     b.   Plaintiff's opposition to the dispositive motion
17 shall be filed with the court and served upon Defendants no later
18 than thirty (30) days after Defendants serve Plaintiff with the
19 motion.
20     c.   Plaintiff is advised that a motion for summary
21 judgment under Rule 56 of the Federal Rules of Civil Procedure will,
22 if granted, end your case.  Rule 56 tells you what you must do in
23 order to oppose a motion for summary judgment. Generally, summary
24 judgment must be granted when there is no genuine issue of material
25 fact - that is, if there is no real dispute about any fact that
26 would affect the result of your case, the party who asked for
27
28

**7**

summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your Complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

        Plaintiff also is advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the Defendant in his  motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        d.   Defendants shall file a reply brief within fifteen (15) days of the date on which Plaintiff serves them with the opposition.

        e.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion

8

1  unless the court so orders at a later date.

2        3.   Discovery may be taken in accordance with the Federal
3  Rules of Civil Procedure. No further court order is required before
4  the parties may conduct discovery.

5        4.   All communications by Plaintiff with the Court must
6  be served on Defendants, or Defendants' counsel once counsel has
7  been designated, by mailing a true copy of the document to
8  Defendants or Defendants' counsel.

9        5.   It is Plaintiff's responsibility to prosecute this
10 case. Plaintiff must keep the Court and all parties informed of any
11 change of address and must comply with the Court's orders in a
12 timely fashion. Failure to do so may result in the dismissal of
13 this action pursuant to Federal Rule of Civil Procedure 41(b).

14       IT IS SO ORDERED.

15 DATED   *04/25/2012*                    /s/ Thelton Henderson
16                                   THELTON E. HENDERSON
                                     United States District Judge

G:\PRO-SE\TEH\CR.12\Andrys-12-619-osc.wpd